IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHARNALLE MITCHELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:14-cv-186-MEF |
| | ) | (WO - Do Not Publish) |
| THE CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY INJUNCTION ORDER**

On May 1, 2014, the Court held a hearing to address Plaintiffs Sharnalle Mitchell ("Mitchell"), Lorenzo Brown ("Brown"), and Tito Williams's ("Williams") (collectively, "Plaintiffs") Motion for Preliminary Injunction (Doc. #2). The hearing was attended by counsel for both parties. Based on the submissions of the parties, the applicable law, representations made by counsel at the hearing, and the record as a whole, the Court finds that Plaintiffs have demonstrated: (1) that Plaintiffs have a substantial likelihood of success on the merits of its claim that Defendant City of Montgomery ("the City") violated their Fourteenth Amendment due process and equal protection rights as outlined in *Bearden v. Georgia*, 461 U.S. 660 (1983), by imprisoning them, and by threatening to imprison them, for failing to pay the balance on outstanding fines, fees, and costs associated with traffic tickets they incurred without first conducting a meaningful inquiry into the reasons for their failure to pay, including their potential status as indigents, and without considering alternatives to imprisonment; (2) that there is a substantial threat of irreparable injury to Plaintiffs if the preliminary injunction does not issue because there is no evidence suggesting

the City will refrain from confining Plaintiffs at the upcoming May 9, 2014 compliance hearing, or at any time thereafter, without first inquiring in a meaningful way into the reasons for their failure to pay; (3) the harm suffered by Plaintiffs absent an injunction would exceed the harm suffered by the City if the injunction issues; and (4) an injunction would not disserve the public interest.  Therefore, in accordance with Rule 65 of the Federal Rules of Civil Procedure, the Court finds that issuing a preliminary injunction is appropriate and necessary to protect Plaintiffs' rights until such a time as the Court renders a decision on the merits.

Accordingly, it is hereby ORDERED as follows:

1.  The City of Montgomery is enjoined from collecting or attempting to collect all outstanding fines, fees, costs, surcharges or the outstanding balance of any monies owed to the City or to Judicial Correction Services, Inc. ("JCS") associated with traffic tickets by Sharnalle Mitchell, Lorenzo Brown, and Tito Williams until further order of the Court.

2. On or before June 2, 2014, the City shall submit to the Court a comprehensive plan listing the current or proposed policies and procedures the City follows or intends to follow in making future determinations of an individual's ability to pay, the policies and procedures the City follows or intends to follow in making future determinations as to reasons for an individual's failure to pay, the policies and procedures the City follows or intends to follow in making future determinations of any alternative measures of punishment other than imprisonment for the non-payment of fines, and the policies and procedures the City follows or intends to follow in making future determinations of whether these alternative measures

are adequate to meet the City's interests in punishing and deterring the non-payment of fines, which shall comply with all applicable federal and state laws and the Alabama Rules of Criminal Procedure.

3. On or before June 13, 2014, Plaintiffs shall submit objections to the City's proposed plan.

4. The Court will hold a hearing to address the adequacy of the City's current or proposed plan on June 30, 2014, at 9:00 a.m., in the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama.

5. Montgomery City Attorney Kim O. Fehl, Municipal Court Director Kenneth Nixon, Montgomery City Police Chief Kevin J. Murphy, and the Presiding Montgomery Municipal Court Judge shall be present in person for the June 30, 2014 hearing.

6. This Preliminary Injunction Order shall apply to the parties, the parties' officers, agents, servants, employees, and attorneys, and any other person who is in active concert or participation with the parties or the parties' officers, agents, servants, employees, and attorneys.

7. Because the risk is low that the City will incur substantial expenses, costs, or damages during the pendency of this preliminary injunction, because Plaintiffs are substantially likely to succeed on the merits, and because Plaintiffs have limited financial resources, no security bond will be required under Rule 65(c) of the Federal Rules of Civil Procedure.

DONE this the 1st day of May, 2014, at 4:54 p.m., Central Standard Time.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE