IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARNALLE MITCHELL, LORENZO BROWN, TITO WILLIAMS, COURTNEY TUBBS, TEQUILA BALLARD, WILLIE WILLIAMS, THOMAS ELLIS, GAVIN BULLOCK, KENDRICK MAUL, TAMARA DUDLEY, JERMAINE TYLER, JANET EDWARDS, RISKO MCDANIEL, DEMETRI COLVIN, CARL WILLIAMS, RAYSHONE WILLIAMS,<br><br>　　Plaintiffs,<br><br>vs.<br><br>CITY OF MONTGOMERY,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 2:14-cv-186<br>)<br>)<br>)<br>) |

**UNOPPOSED MOTION FOR JOINDER OF PARTIES**

COMES NOW Defendant, City of Montgomery, in the above-styled matter and moves this Honorable Court to join the Judges of the Municipal Court of the City of Montgomery in their official capacities as Parties to this action pursuant to Rule 19, Fed. R. Civ. P, and/or Rule 20, Fed. R. Civ. P. As grounds therefor, the City shows the following:

　　1.　　The Judges of the Municipal Court of Montgomery, Alabama include the following persons: Presiding Judge Les Hayes, III, Judge Milton Westry, Judge Darron Hendley, and Judge Lloria James (hereinafter collectively referred to as "the Judges of the Municipal Court," or "the Judges").

　　2.　　The current Parties to this action along with the Judges of the Municipal Court of Montgomery Alabama, in their official capacities, have entered into an agreement entitled Agreement to Settle Injunctive and Declaratory Relief Claims (hereinafter "Settlement

Agreement")which settles all matters relative to the declaratory and injunctive relief requested by the Plaintiffs in this action.

3. The Judges of the Municipal Court in their official capacities will be providing relief to the Plaintiffs as agreed upon in the Settlement Agreement.

4. The Plaintiffs in this case further seek this Court's continued jurisdiction over the equitable relief agreed upon by the Parties including the Municipal Court Judges, as set out in the Settlement Agreement.

5. It is the City's understanding and as represented in the Agreement attached hereto and signed by the Municipal Court Judges of the City of Montgomery, that the Municipal Court Judges of the City of Montgomery, in the interests of promoting the efficient and effective operation of the Court, and further promoting the resolution of the lawsuit and thereby any potential proceedings which might be brought against them in the future, have agreed to joinder in their official capacities. They have agreed to joinder for this limited purpose and do not intend, in doing so, as set forth in the Settlement Agreement, to waive any potential immunity to claims for damages, attorneys' fees, or any other relief, including other equitable relief, nor do they intend to waive any other defenses. The Judges join for the sole purpose of filing hereafter with the other Parties to this action a Joint Motion for Entry of Final Declaratory and Injunctive Relief.

6. For the entirety of the equitable relief negotiated and agreed to by the parties in the Settlement Agreement to be afforded, it is necessary that the Judges of the Municipal Court of the City of Montgomery be joined in their official capacities as Party Defendants to this action for the sole purpose of making them subject to the jurisdiction of this Court relative to this Court's equitable jurisdiction over the Settlement Agreement.

7.  This basis for seeking joinder is consistent with the requirements of Rules 19 and 20 of the Federal Rules of Civil Procedure.

8.  Rule 19(a)(1) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest."

9.  With respect to Rule 19, the Settlement Agreement between the Parties is such that without joinder of the Municipal Court Judges in their official capacities Plaintiffs cannot obtain the full constellation of negotiated equitable relief. *See* Rule 19(a)(1)(A).

10. Furthermore, the Municipal Court Judges in their official capacities have an interest relating to the subject matter of this lawsuit (specifically the request for equitable relief) such that it is in their interest to control the nature of any resolution of this matter involving the operations of the Municipal Court. For that reason, it was in their interest to take part in the negotiations between the Parties and to agree to the specific relief set out in the Settlement Agreement. *See* Rule 10(a)(1)(B)(i).

11. Rule 20 provides that "persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

12. With respect to Rule 20, permissive joinder is appropriate because the relief which the Plaintiffs request arises, in part, out of the same transactions, i.e., hearings held before the Municipal Court, and the parties have agreed to a negotiated settlement which involves the agreement of the Judges of the Municipal Court to take certain actions.

13. Joinder as Defendants for the purpose of entering into the Settlement Agreement is the most efficient manner in which the equitable relief agreed to by the parties in this action can be resolved.

14. Furthermore, joinder for the purpose of settling civil rights actions that implicate and involve multiple parties is appropriate under Rule 19. *See, e.g., Martin v. Wilks*, 490 U.S. 755 (U.S. 1989), *abrogated by statute as the holding applies to Title VII as recognized in*, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 251 (U.S. 1994).

15. Once joinder is granted, the Parties collectively intend immediately to file a Joint Motion for Entry of Final Declaratory and Injunctive Relief.

16. As set forth in the Agreement to settle the Plaintiffs' claims for injunctive and declaratory relief, nothing in that Agreement or in this Motion should be construed as an admission by the City of Montgomery that it is liable for the constitutional claims alleged in this case or by the Plaintiffs that the City of Montgomery is not liable for the constitutional claims alleged in this case.

17. Plaintiffs do not oppose this motion to the extent it seeks permissive joinder under Rule 20.

WHEREFORE, the City asks this Court to join the Judges of the Municipal Court as Party Defendants in this action for the limited purposes set out above.

        s/Shannon L. Holliday
        Robert D. Segall (ASB-7354-E68R)
        Shannon L. Holliday (ASB-5440-Y77S)
        Copeland Franco Screws & Gill, P.A.
        Post Office Box 347
        Montgomery, AL  36101-0347
        Email: holliday@copelandfranco.com
        Email: segall@copelandfranco.com
        Phone: (334) 834-1180
        Facsimile: (334) 834-3171

        Stephanie L. Smithee (ASB-8497-T82S)
        City of Montgomery
        Legal Department
        Post Office Box 1111
        Montgomery, Alabama 36101-1111
        Telephone: (334) 625-2050
        Facsimile: (334) 625-2310
        Email:  ssmithee@montgomeryal.gov

        **ATTORNEYS FOR DEFENDANT**
        **CITY OF MONTGOMERY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of October, 2014, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following counsel of record:

| | |
|---|---|
| Alec Karakatsanis, Esq. | Joseph Mitchell McGuire |
| Equal Justice Under Law | 31 Clayton Street |
| 916 G Street, NW, Suite 701 | Montgomery, AL  36104 |
| Washington, DC 20001 | |

Matthew Swerdlin, Esq.
1736 Oxmoor Road
Suite 101
Homewood, AL  35209

        s/Shannon L. Holliday
        Of Counsel